IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

RICKY DON HAYWORTH,                §
                                   §
         Petitioner,               §
                                   §
v.                                 §   Civil Action No. 4:17-CV-024-Y
                                   §
LORIE DAVIS, Director,             §
Texas Department of Criminal       §
Justice, Correctional              §
Institutions Division,             §
                                   §
         Respondent.               §

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Ricky Don Hayworth, a state prisoner, against Lorie Davis, director of the Texas Department of Criminal Justice, Correctional Institutions Division, Respondent. After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed for failure to exhaust state-court remedies.

I.  Factual and Procedural History

On March 25, 2014, in the 355th Judicial District Court, Hood County, Texas, Case No. CR12533, Petitioner, pursuant to a plea agreement, pleaded guilty to assault of a family member and, with a prior such conviction, was placed on eight years' deferred-ajudication community supervision and assessed a $1500 fine. (Adm. R., Clerk's R. 23, doc. 15-7.) Petitioner did not directly appeal

the trial court's order of deferred adjudication. Thereafter, based on various violations of his community supervision, the state moved to proceed to adjudication of Petitioner's guilt, and, on December 14, 2015, the trial court adjudicated his guilt and sentenced him to eighteen years' confinement. (*Id.*, Mot. 29-30 & J. 48.) Petitioner appealed the trial court's judgment adjudicating guilt, but the Second District Court of Appeals of Texas affirmed. (*Id.* Mem. Op. 4, doc. 15-3.) Petitioner did not seek further direct review or challenge the judgment adjudicating guilt in a state habeas-corpus application under article 11.07 of the Texas Code of Criminal Procedure. (Pet. 3-4, doc. 1; Resp't's Preliminary Answer, Exs. A & B, docs. 13, 13-1 & 13-2.) Petitioner filed this federal habeas petition attacking the judgment on January 3, 2017. (Pet. 10, doc. 1.) Respondent has filed a preliminary answer requesting that the petition be dismissed without prejudice for failure to exhaust state-court remedies. (Resp't's Preliminary Answer 4-6, doc. 13.) Petitioner raises three grounds for relief. (Pet. 6-7, doc. 1.)

II. Exhaustion of State-Court Remedies

Applicants seeking habeas-corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. *See* 28 U.S.C. § 2254(b)(1), (c); *Fisher v. State*, 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas

claim has been fairly presented to the highest court of the state. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 302; *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). For purposes of exhaustion, the Texas Court of Criminal Appeals is the highest court in the state. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). Thus, a Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in either a petition for discretionary review or a postconviction habeas-corpus application pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015); *Anderson v. Johnson*, 338 F.3d 382, 388 n.22 (5th Cir. 2003).

Petitioner did not file a petition for discretionary review in the Texas Court of Criminal Appeals nor has he demonstrated that he filed a postconviction state habeas-corpus application pursuant to the procedures provided in article 11.07 of the Texas Code of Criminal Procedure. Because there has been no fair presentation of Petitioner's claims to the Texas Court of Criminal Appeals, the claims are unexhausted. Absent a showing that no state "corrective process" is available to Petitioner or that such process is somehow rendered ineffective by the circumstances of his case, Petitioner cannot now proceed in federal court in habeas corpus. *See* 28 U.S.C. § 2254(b)(1)(B). Accordingly, dismissal of this petition for lack

of exhaustion is warranted so that Petitioner can fully exhaust his state-court remedies and then return to this Court, if he so desires, after exhaustion has been properly and fully accomplished.[1]

III. Conclusion

For the reasons discussed, the Court DISMISSES Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, without prejudice, for failure to exhaust state-court remedies.

Further, Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. The certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). "Under this standard, when a district court denies habeas relief by rejecting constitutional claims on their merits, 'the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *McGowen v. Thaler,* 675 F.3d 482, 498 (5th Cir. 2012) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). When the district court denies the petition on procedural grounds without reaching the merits, the petitioner must show "that jurists

---

[1] Title 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing habeas-corpus petitions in federal court, subject to any applicable tolling. *See* 28 U.S.C. § 2244(d)(1)-(2).

4

of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (quoting *Slack*, 529 U.S. at 484). This inquiry involves two components, but a court may deny a certificate of appealability by resolving the procedural question only. Petitioner has not made a showing that reasonable jurists would question this Court's procedural ruling. Therefore, a certificate of appealability should not issue.

SIGNED October 18, 2017.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE